PER CURIAM:
Claimant brought this action for vehicle damage which occurred when his 1993 Chevrolet Silverado truck struck a hole in the road while he was traveling on Route 41 near Persinger, Nicholas County. Route 41 is a road maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:30 p.m. on January 19, 2006, a clear evening. Route 41 is a two-lane highway at the area of the incident involved in this claim. Claimant testified that he was driving on Route 41, and there was also traffic traveling towards him. Mr. Vance stated that he had seen the hole previously but had been able to avoid it on other occasions. He testified that the hole was along the white line on the edge of the road and that there were no warning signs. Claimant stated that due to the traffic towards him, he was unable to avoid the hole. Claimant’s vehicle struck the hole sustaining damage to a tire, rim, shock, and pivot arm. Claimant’s vehicle sustained damage totaling $588.60.
The position of the respondent is that it did not have actual or constructive notice of the condition on Route 41 at the site of the claimant’s accident for the date in question.
John Jarrell, Highway Administrator 2 for the respondent in Nicholas County, testified that respondent was involved with snow and ice removal around the date of claimant’s incident. Mr. Jarrell stated that sometime during the month of January his office received a telephone call from the sheriff’s department regarding a hole along Route 41, but he could not remember when this happened. He also stated that Route 41 has heavy coal and log truck traffic on it. Respondent maintains that it had no actual or constructive notice of any holes on Route 41.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent had at least constructive notice of the hole which claimant’s vehicle struck and that the hole presented a hazard to the traveling public. Photographs in evidence depict the hole and provide the Court an accurate portrayal of the size and location of the hole on Route 41. The size of the hole and its location on the roadway leads the Court to conclude that respondent had notice of this hazardous condition and respondent had an adequate amount of time to take corrective action. Thus, the Court finds respondent negligent and claimant may make a recovery for the damage to his vehicle. However, the Court additionally finds that claimant was also negligent in this incident, since he knew of the hole previously and he could have taken other measures to avoid or attempt to avoid this hole. Therefore, tire Court finds claimant was twenty-five (25) percent negligent in this claim, and thus he may recover seventy-five (75) percent of his damages.
In accordance with the findings of fact and conclusions of law stated herein *83 above, the Court is of the opinion to and does make an award to the claimant in this claim in the amount of $441.45.
Award of $441.45